**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

HUBERT HOLLAND, JR., et al.,

       Plaintiffs,           CIVIL ACTION

       v.                NO. 1:10-CV-2992-CAP

LEVY PREMIUM FOODSERVICE
LIMITED PARTNERSHIP d/b/a
ATLANTA SPORTS CATERING and
COMPASS GROUP USA, INC.,

       Defendants.

**O R D E R**

This action is currently before the court on the defendants'
motion to dismiss [Doc. No.  2] and the plaintiffs' motion to
exclude evidence or, alternatively, for leave to file a surreply
[Doc. No. 22].

**I.  Factual Statement and Procedural History**

The plaintiffs are current and former employees of the
defendants who worked as luxury suite attendants at Philips Arena,
the Georgia Dome, and the Atlanta Motor Speedway.  During events at
these venues the suite attendants were responsible for providing
food and beverage services to the attendees who occupied the
suites.

The defendants imposed a   service charge on  all food and
beverage purchased by the suite owners/patrons.  This lawsuit

alleges that the defendants improperly retained the service charge amounts rather than pay them to the suite attendants.

The amended complaint sets forth four causes of action: (1) breach of unilateral contract; (2) breach of contract; (3) unjust enrichment/quantum meruit; and (4) conversion [Doc. No. 13].  The defendants have moved this court to dismiss the plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. Motion to Dismiss Standard

In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).  In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.  See Linder v. Portocarrero, 963 F.2d 332, 334 (11th Cir. 1992).

## III.  Legal Analysis

### A. Contract

#### 1.  Unilateral Contract

In Count One, the plaintiffs allege that the defendants breached a unilateral contract with each of the plaintiffs, the terms of which are contained in the defendants' policy entitled "Service Charge/Tipping Policy."  That policy stated:

> As a convenience to our guests,  we have included this
> policy to clarify any confusion regarding the service
> charge and tipping policy in The Suites at Phillips
> Arena:
>
> The service charge, which is on your bill, is shared in
> the form of higher wages for all Suite employees.  It
> helps our company attract a high quality employee from
> the set up crew to the  clean up crew and everyone in
> between.  All these employees are critical to making your
> experience memorable.
>
> If you feel that you (sic) Suite Attendant has provided
> a service that is of the highest quality then please feel
> free to extend a personal gratuity.
>
> Tip solicitation is a violation of our policies.

The defendants argue that the plaintiffs have failed to allege
facts to support a contractual relationship between the defendants
and the suite attendants.  In response, the plaintiffs have cited
authority for the proposition that a company's policy regarding
benefits may give rise to a unilateral contract.  The plaintiffs
argue that the allegations of (1) the existence of the policy; (2)
the plaintiffs' awareness of the policy; and (3) the plaintiffs'
continued work for the defendants, are sufficient to state the
existence of a unilateral contract between the plaintiffs and the
defendants.

In the cases cited by the plaintiffs in which an employer's
policies regarding benefits were found to be enforceable by an
employee, the policies at issue were, in all instances, directed at
employees.  See Rozeboom v. International Harvester Co., No. C82-

3

213A, 1983 U.S. Dist. LEXIS 19447, at *8-11, 13-14 (N.D. Ga. Feb. 7, 1983) (employer's internal memorandum addressed to some employees) (emphasis added); Fulton DeKalb Hospital Authority v. Metzger, 417 S.E.2d 163 (Ga. Ct. App. 1992) (employee handbook) (emphasis added); Superior Insurance Co. v. Browne, 395 S.E.2d 611 (Ga. Ct. App. 1990) (handbook for employees); Georgia Ports Authority v. Rogers, 327 S.E.2d 511 (Ga. Ct. App. 1985) (employee policy and benefits manual) (emphasis added); Fletcher v. Amax, Inc., 288 S.E.2d 49, 51 (Ga. Ct. App. 1981) (purpose of "Procedures and Policy Manual" was to provide uniform and fair treatment of employees) (emphasis added).  In contrast, the policy upon which the plaintiffs rely in this case was directed to suite owners/patrons.  The employees' awareness of the policy does not transform an agreement between the defendants and suite owners/patrons to one between the defendants and the plaintiffs. Accordingly, the plaintiffs have failed to allege facts to support their contention that a unilateral contract existed between the plaintiffs and the defendants.

**2.  Third-party beneficiary**

In Count Two, the plaintiffs contend that they are third-party beneficiaries to the contract that required the service charge between the suite owners/patrons and the defendants.  Pursuant to O.C.G.A. § 9-2-20(b), the beneficiary of a contract made between

4

other parties for his benefit may maintain an action against the
promisor on the contract.  However, in order for a third party to
have standing to enforce a contract under O.C.G.A. § 9-2-20(b), it
must clearly appear from the contract that it was intended for his
benefit.  <u>AT&T Mobility, LLC v. National Association for Stock Car
Auto Racing, Inc.</u>, 494 F.3d 1356, 1360 (11th Cir. 2007).  "A third
party beneficiary need not be specifically named in the contract,
but the parties' intention to benefit the third party must be
evident from the face of the contract."  <u>Id.</u>

The defendants have moved to dismiss this claim arguing that
the plaintiffs have not alleged facts to plausibly suggest that the
defendants promised and reached a contractual agreement with the
suite owners/patrons to pay the service charge to the suite
attendants.  In response, the plaintiffs argue that the allegations
in the amended complaint are that the suite patrons agreed to pay
the service charge and the defendants agreed to "share" the service
charge with suite employees in the form of higher wages.

The court agrees with the defendants.  There are no factual
allegations in the plaintiffs' amended complaint regarding the
defendants' intent to benefit the plaintiffs by passing along the
entire service charge to them.  While the allegation that the
defendants intended to "share" the service charge with employees in
the form of higher wages is certainly a benefit to the third-party

suite attendants, it is not the benefit upon which the plaintiffs
are asserting a cause of action in this case.  In other words, the
plaintiffs are not seeking to enforce a promise to share the
service charge through an increase in their hourly wage.  Rather,
the plaintiffs claim entitlement to the entire service charge.
This is simply not the benefit the defendants are alleged to have
intended, and the policy itself could not plausibly be read to
evidence such an intention.  Therefore, the plaintiffs have failed
to allege facts sufficient to state a cause of action for breach of
contract as a third-party beneficiary.

**B. Unjust Enrichment**

In Count Three, the plaintiffs set forth a claim for unjust
enrichment alleging that the defendants retained for their own
benefit the service charge paid by suite owners/patrons contrary to
the fundamental principles of justice, equity, and good conscience.
Under Georgia law, to sustain a claim of unjust enrichment, a
plaintiff is required to show that it conferred a benefit to a
defendant for which it should be equitably compensated.  <u>Tuvim v.
United Jewish Communities, Inc</u>, 680 S.E.2d 827, 829-30 (Ga. 2009).

In this case, there is nothing in the factual allegations
regarding the a benefit  conferred upon  the defendants by the
plaintiffs.  The factual allegations are that the benefit conferred
upon the defendants, the service charge, was provided by the suite

6

owners/patrons.  Moreover, the plaintiffs do not allege that they
have not been paid by the defendants for the hours worked.  Thus,
the complaint fails to state a claim for unjust enrichment.

**C. Conversion**

In Count Four, the plaintiffs assert a conversion claim
alleging that the suite owners/patrons intended the service charge
to be paid to the plaintiffs and that the defendants wrongfully
retained the monies.  The defendants have moved to dismiss the
conversion claim arguing that the plaintiffs failed to allege facts
to support a prima facie case of conversion.

For the plaintiffs to  properly plead a prima facie case in
conversion, they must allege facts to that show (1) proof of title
to the property in the plaintiffs, (2) right of possession in the
plaintiffs, (3) possession in the defendants, (4) demand for
possession, (5) refusal to surrender, and (6) value of the
property.  College Park v. Sheraton Savannah Corp, 509 S.E.2d 371,
374 (Ga. Ct. App. 1998).   The plaintiffs have failed to allege
their ownership or right to possess the service charge monies.  The
plaintiffs simply alleged that the service charge was intended by
suite owners/patrons to be paid to the plaintiffs.  This allegation
is insufficient to establish any entitlement to the funds by the
plaintiffs.  Moreover, because the breach of contract claims are
not viable, the amended complaint contains no legal theory of

ownership or right to the funds by the plaintiffs.  Accordingly, the conversion claim is due to be dismissed.

**IV.  Conclusion**

Because the amended complaint fails to state a claim for relief against the defendants, the motion to dismiss [Doc. No. 2] is GRANTED.  The court did not consider the arguments and evidence set forth in the defendants' reply brief.  Therefore, the plaintiff's motion to exclude evidence or alternatively to file a sur-reply brief [Doc. No. 22] is DISMISSED as moot.  The clerk is DIRECTED to close this file.

SO ORDERED, this 8th day of June, 2011.


/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge